UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61683-DIMITROULEAS/AUGUSTIN-BIRCH

MARCEYA ALEXIS DAVIS,

    Plaintiff,

v.

REALPAGE, INC. *a/k/a* LEASINGDESK SCREENING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO COMPEL ARBITRATION [DE 10]

    This cause comes before the Court on Defendant RealPage, Inc.'s Motion to Compel Arbitration. DE 10. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to Compel Arbitration to the undersigned United States Magistrate Judge for a report and recommendation. DE 11. Plaintiff Marceya Alexis Davis filed a response to the Motion, DE 17, and Defendant has filed a reply. DE 20. The Court has carefully considered the Motion to Compel Arbitration, the briefing, and the record and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS** that Defendant RealPage Inc.'s Motion be **GRANTED**.

### I. Background

    After touring the Mizner Court Apartments in Boca Raton, Florida, Plaintiff and her children thought they had found their perfect home. DE 1 ¶¶ 36–41. Plaintiff completed a rental application for an apartment at the complex, and Mizner Court in turn conducted a prospective tenant screening on her with Defendant, its contracted tenant screening provider. *Id.* ¶¶ 43–44. However, as Plaintiff alleges, the tenant screening report created by Defendant contained

inaccurate information concerning her rental history, specifically two prior evictions. *Id.* ¶¶ 47–50. As a result of the allegedly inaccurate tenant screening report, Plaintiff asserts that her rental application was denied by Mizner Court. *Id.* ¶ 55. After the denial of her rental application, Plaintiff avers she tried to resolve the allegedly inaccurate information with Defendant, but Defendant apparently refused to resolve the dispute and redirected her back to Mizner Court, who then advised Plaintiff that Defendant makes the final decision on rental applications. *Id.* ¶¶ 60–65. Therefore, Plaintiff filed a two-count complaint against Defendant, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* DE 1.

In response to Plaintiff's complaint, Defendant filed an answer, wherein it asserted that arbitration was the proper venue for the dispute, as it claimed Plaintiff had agreed to arbitrate as part of her rental application. DE 9 ¶¶ 17, 109. Defendant later followed up its answer with the present Motion to Compel Arbitration, seeking to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. DE 10. Attached to its Motion was the Arbitration Agreement signed by Plaintiff, *see* DE 10-4 at 2, which provides:

> **3. AGREEMENT TO ARBITRATE "CLAIMS": YOU AND REALPAGE AGREE THAT ANY AND ALL CLAIMS SHALL BE RESOLVED EXCLUSIVELY IN BINDING ARBITRATION RATHER THAN LITIGATION IN COURT. YOU AND REALPAGE FURTHER AGREE THAT ANY SUCH CLAIMS RELATING TO THE FORMATION, INTERPRETATION, APPLICABILITY, SCOPE, OR ENFORCEABILITY OF THIS AGREEMENT SHALL BE DECIDED BY THE ARBITRATOR, NOT A COURT. THE ARBITRATOR, AND NOT ANY FEDERAL, STATE OR LOCAL COURT OR AGENCY, SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY CLAIM RELATING TO THE FORMATION, INTERPRETATION, APPLICABILITY, SCOPE, OR ENFORCEABILITY OF THIS AGREEMENT, INCLUDING CLAIMS THAT THE AGREEMENT IS VOID OR VOIDABLE.**

DE 10-5 at 2.

## II. Analysis

The FAA "leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Hilton v. Fluent, LLC*, 297 F. Supp. 3d 1337, 1341 (S.D. Fla. 2018) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 213 (1985)). "In determining whether to compel arbitration, the Court considers three factors: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived." *Id.* Because Plaintiff neither disputes the validity of the arbitration agreement nor whether arbitrable issues exist, the Court will only examine whether Defendant has waived its right to arbitrate, Plaintiff's sole argument in opposition. *See* DE 17 at 5–8.

### A. Waiver of Arbitration Right Post-*Morgan*

In the past, the Eleventh Circuit has utilized a two-part test to determine whether a party has waived its right to arbitrate: (1) whether, under the totality of the circumstances, the party has acted inconsistently with its arbitration right, and (2) whether the inconsistent action by the party seeking to arbitrate has in some way prejudiced the other party. *See, e.g.*, *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012). The Supreme Court, however, has recently issued an opinion that has abrogated part of this test. In *Morgan v. Sundance, Inc.*, 596 U.S. 411, 415 (2022), the Supreme Court reviewed the Eight Circuit's three-part test for the waiver of the right to arbitrate articulated in *Erdman Co. v. Phoenix Land & Acquisition, LLC*, 650 F.3d 1115, 1117 (8th Cir. 2011), where the Eight Circuit held that a party waives its right to arbitrate when: (1) it knew of its right to arbitrate, (2) it acted inconsistently with that right, and (3) the inconsistent actions prejudiced the other party. The Supreme Court disagreed with the last prong—prejudice—because "a federal court assessing waiver [of other contractual rights] does not generally ask about

3

prejudice" and "a court must hold a party to its arbitration contract just as the court would to any other kind." *Morgan*, 596 U.S. at 417–418. Thus, the Supreme Court held that courts "may not make up a new procedural rule based on the FAA's 'policy favoring arbitration.'" *Id.* at 419. However, the Supreme Court nevertheless approved the remainder of the Eight Circuit's test; namely, whether a party knowingly relinquished its right to arbitrate by acting inconsistently with that right. *Id.*

In *Morgan*'s wake, it does not appear that the Eleventh Circuit has fully reevaluated and outlined the proper test or considerations for determining whether a party has waived its right to arbitrate. Yet, even after *Morgan*, the Eleventh Circuit has still explained that "[a] party has waived its right to arbitrate if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 22-12575, 2023 WL 1818920, at *2 (11th Cir. Feb. 8, 2023) (quoting *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990), and acknowledging that *Morgan* had abrogated *S&H* on other grounds); *see also Payne v. Savannah Coll. of Art & Design, Inc.*, 81 F.4th 1187, 1201 (11th Cir. 2023) ("Our waiver doctrine is typically implicated when parties have 'invoked the litigation machinery' before reversing course and claiming that arbitration was the proper avenue all along." (citing *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018))). A court within this District has also taken a similar approach after *Morgan*'s issuance. *See Amargos v. Verified Nutrition, LLC*, 653 F. Supp. 3d 1269, 1274–75 (S.D. Fla. 2023) (acknowledging that the Eleventh Circuit's test must be "reevaluated" after *Morgan* and concluding that the correct new standard is "a totality of the circumstances test that determines whether the Defendant acted inconsistently with its contractual right to arbitration," where courts focus on "whether [a] Defendant substantially participated in the litigation as one factor in a holistic analysis of whether [a]

4

Defendant, through participation in th[e] case or by any other action or inaction, waived its right to arbitrate"). As such, the Court will determine whether Defendant, under the totality of the circumstances present here, has acted inconsistently with its arbitration right.

### B. Defendant has not Acted Inconsistently With its Right to Arbitrate

Plaintiff's sole reason for resisting Defendant's demand to arbitrate is Defendant's service of a Federal Rule of Civil Procedure 68 Offer of Judgment. *See* DE 17 at 8. A Rule 68 offer is a binding settlement offer from a defendant permitting judgment on specified terms, which allows the opposing party to accept within 14 days and receive a judgment based on the terms of the offer. Fed. R. Civ. P. 68(a). By submitting a Rule 68 offer, Plaintiff contends that Defendant has acted inconsistently with its right to arbitrate by "invok[ing] a federal rule of civil procedure to resolve this case by way of a judgment entered in federal court . . . ." DE 17 at 5. The Court is not persuaded by Plaintiff's argument, which includes no citation to any legal authority holding or suggesting that an offer to settle or a Rule 68 offer is inconsistent with a right to arbitrate.

"There's no set rule as to what constitutes waiver of an arbitration agreement, so we review whether a waiver has occurred based on the facts of each case." *Warrington*, 2023 WL 1818920, at *2.[1] "A key factor in deciding this is whether a party has substantially invoked the litigation machinery prior to demanding arbitration." *Id.* (quoting *Gutierrez*, 889 F.3d at 1236). Specifically, courts should not permit a defendant to evince "a clear intent to litigate" before reversing course and asserting a right to arbitrate. *Id.*

A Rule 68 offer does not demonstrate an intent to litigate because, "[a]s the Supreme Court has explained, 'The plain purpose of Rule 68 is to encourage settlement and avoid litigation.'"

---

[1] Again, *Warrington* was decided after *Morgan* and acknowledged *Morgan*'s overruling of part of the 11th Circuit's previous test.

*Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002) (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)). Consequently, by tendering a Rule 68 offer, Defendant indicated a desire to avoid litigation altogether. Plaintiff has not provided any contrary case law, and the Court has not found any case law holding a Rule 68 offer or settlement offer to be inconsistent with a right to arbitrate. In fact, case law states the opposite. *See Sorge v. Cavalry Portfolio Servs., LLC*, No. 11-CV-297-DRH, 2011 WL 4729703, at *5 (S.D. Ill. Oct. 5, 2011) ("Plaintiff next argues that by tendering a Rule 68 offer of judgment, defendants have acted inconsistently with the right to arbitrate. This is simply not true. . . . To hold defendants acted inconsistently with the right to arbitrate and therefore waived the right to arbitration would fly in the face of the purpose behind the rule and discourage settlement attempts—something the Court refuses to do."); *Cavazos v. Fred Loya Ins. Agency, Inc.*, No. 7:16-CV-128, 2018 WL 11472377, at *5 (S.D. Tex. July 26, 2018) ("It is well established that settlement negotiations do not constitute waiver of the right to compel arbitration." (citing *Sw. Indus. Imp. & Exp., Inc. v. Wilmod Co.*, 524 F.2d 468, 470 (5th Cir. 1975) ("Participation in settlement negotiations . . . ha[s] been held not to preclude the right to arbitrate . . . ."))).[2]

Therefore, the Court does not find that Defendant's Rule 68 offer was inconsistent with its right to arbitrate. First, to rule otherwise would potentially discourage settlement offers, which is contrary to "the general policy of the law" that "favor[s] the settlement of litigation." *Schering-Plough Corp v. FTC*, 402 F.3d 1056, 1072 (11th Cir. 2005).  Second, a Rule 68 offer, by itself, touches no part of the litigation machinery. The offer is made outside of the court system, and the only court involvement occurs upon acceptance by the opposing party, and, even then, the clerk merely performs the ministerial act of entering a judgment on the proposed terms. Fed. R. Civ. P.

---

[2] All 5th Circuit precedent existing as of September 30, 1981, was adopted as binding precedent by the 11th Circuit after the circuit was divided. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

68(a). Third, the Rule 68 offer was tendered here on October 12, 2023, DE 17-1, a little over a month after Defendant was served. *See* DE 5. The very next day, on October 13, 2023, Defendant filed its answer, wherein it disputed venue and contended that arbitration was the proper venue for Plaintiff's claims. DE 9 ¶ 17. As such, Defendant's Rule 68 offer was made early in the case and around the same time Defendant asserted arbitration as the proper forum for the dispute. Lastly, after filing its Motion to Compel Arbitration, Defendant unsuccessfully sought a stay of the case pending a ruling on the Motion, DE 12; DE 13, which further evinces Defendant's desire to avoid litigating this matter. Thus, under the totality of these circumstances, Defendant never waived its right to arbitrate.

### C. This Matter Should be Stayed Pending Arbitration

Defendant requests for this case to be stayed pending arbitration. DE 10 at 11. Since this is the proper course of action, the Court agrees and recommends for this case to be stayed pending arbitration. 9 U.S.C. § 3 ("[T]he court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."); *KDH Architecture Inc. v. Certain Underwriters at Lloyd's London*, No. 19-60307-CIV, 2019 WL 5260102, at *1 (S.D. Fla. Aug. 14, 2019) (staying case after granting motion to compel arbitration); *Mendez v. Greico Chevrolet Fort Lauderdale LLC*, No. 0:23-CV-61308, 2023 WL 6446025, at *2 (S.D. Fla. Sept. 18, 2023), *report and recommendation adopted*, No. 0:23-CV-61308-WPD, 2023 WL 6443214 (S.D. Fla. Oct. 3, 2023).

### III. Conclusion

Accordingly, for the foregoing reasons, the Court recommends that Defendant RealPage, Inc.'s Motion to Compel Arbitration [DE 10] be **GRANTED**, that Plaintiff Marceya Alexis Davis be **COMPELLED TO ARBITRATE** her claims against Defendant RealPage, Inc., and that this case be **STAYED** pending arbitration.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 10th day of January, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE